**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **RALPH HALDERMAN, JR., INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,** | § | |
| **Plaintiff,** | § | **Case No. 4:26-cv-1636** |
| **v.** | § | |
| **JUST 7, INC., RIYAD HOSSAINY, FARABI INVESTMENT, INC., AND ULTRA PIT CORP.** | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Riyad Hossainy ("Hossainy") owns and controls companies that run oil change shops in the Dallas-Fort Worth area under the name "Just 7." Hossainy also controls a company that owns the real property on which two of these shops operate. Through these companies, Hossainy carries out his business plan that includes paying lube technicians a flat weekly amount, cutting that amount when they miss time, and paying no overtime when they work more than 40 hours in a workweek.

By not paying the overtime premium the law requires, Hossainy and his companies gain an unfair advantage over competitors who follow the law in their employment practices. Hossainy runs the shops through three companies, Just 7, Inc., Farabi Investment, Inc., and Ultra Pit Corp. (collectively with Hossainy, "Defendants").

Defendants employed Plaintiff Ralph Halderman, Jr. ("Halderman" or "Plaintiff") as a lube technician and did not pay him overtime. Defendants also did not pay overtime to the other

workers who performed the same or similar duties. Plaintiff, on behalf of himself and all other individuals similarly situated, brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

## I. FACTS SUPPORTING RELIEF

### A. Riyad Hossainy and His Companies

1. Riyad Hossainy is an individual who has an ownership interest in and operational control of oil change shops in the Dallas-Fort Worth area that do business as "Just 7," as well as an ownership interest in and control of an entity that owns the real property where some of these shops are located. He operates these businesses through the companies named as Defendants in this lawsuit.

2. Hossainy has an ownership interest in and operational control over these Defendant companies that own and operate Just 7 oil change shops ("Shop Companies"):

   - Just 7, Inc., which operates the Just 7 shops at 3407 West Camp Wisdom Road, Dallas, Texas, and 6310 South Cooper Street, Arlington, Texas;
   - Farabi Investment, Inc., which operates the Just 7 shop at 6210 Marvin D. Love Freeway, Dallas, Texas (the "Red Bird shop"); and
   - Ultra Pit Corp., which operates the Just 7 shop at 647 East State Highway 121, Lewisville, Texas.

3. Each Shop Company does business under the Just 7 name. Just 7, Inc. has done business as "Just 7" since 2019. Ultra Pit Corp. has done business as "Just 7" since 2022. Farabi Investment, Inc. has done business as "Just 7 & Auto Repair" since 2023.

4. Hossainy is the President, a director, and the registered agent of Just 7, Inc. He is the President, a director, and the registered agent of Farabi Investment, Inc. He is a director of Ultra Pit Corp. Ultra Pit Corp.'s registered office is the same Plano office that Hossainy uses as the registered office of Just 7, Inc.

5. The Dallas Central Appraisal District lists the business personal property at the Red Bird shop in the name of "Hossaini Ray," doing business as "Just 7."
6. Hossainy has an ownership interest in and control over DFW Trio Investments, L.P. ("DFW Trio"). DFW Trio owns the real property on which the Camp Wisdom Road shop and the South Cooper Street shop are located. DFW Trio's registered agent is North Texas Trio Investments, Inc., a company of which Hossainy is a director and the registered agent. DFW Trio's registered office is the Red Bird shop.
7. Hossainy owns an interest in DFW Trio for the purpose of operating the Shop Companies' business locations. Hossainy has control over the terms on which the Shop Companies use the real property DFW Trio owns.
8. Just 7, Inc. and Farabi Investment, Inc. use the same mailing address, 240 Harwood Road, Suite 1, Bedford, Texas, as do other companies Hossainy controls.
9. Hossainy controls how the Shop Companies pay their employees. Because of the compensation policies that Hossainy has put into place in the Shop Companies, the companies have a common practice of paying their lube technicians a flat weekly amount, reducing that amount when a technician misses time or leaves work early, and paying no time-and-one-half overtime pay when the technician works more than 40 hours in a workweek. Hossainy has the authority to determine compensation policies for all the Shop Companies. He decided that all the Shop Companies would pay their lube technicians a flat weekly amount and no overtime.
10. Hossainy is personally involved in the compensation policies of the Shop Companies.

**B. Plaintiff's Employment with Hossainy**

11. Halderman worked for Hossainy as a lube technician at the Just 7 shop at 3407 West Camp Wisdom Road in Dallas, run by Hossainy's company Just 7, Inc., on real property owned by DFW Trio. Halderman worked at that shop for about thirteen years, until August 5, 2026.

12. Halderman's duties included performing oil changes and routine automotive service for the shop's customers. His work was manual labor. He did not manage the shop or any department of it. He did not direct the work of two or more full-time employees. He had no authority to hire or fire other employees.

13. Defendants paid Halderman about $800 per week. Defendants reduced Halderman's weekly pay when he missed a day of work or left work early.

14. Halderman regularly worked more than 40 hours per week. Defendants set his schedule and knew that he worked more than 40 hours per week.

15. Defendants did not pay Halderman an overtime premium for any of the hours he worked over 40 in a workweek.

16. Defendants employed many other individuals as lube technicians, or in positions performing the same or similar duties, at the Shop Companies' Just 7 shops ("Similarly Situated Workers"). Defendants paid these individuals in the same way they paid Halderman. Like Halderman, these individuals regularly worked over 40 hours per week, and Defendants did not pay them overtime pay for the hours they worked over 40 per workweek.

17. Hossainy is an owner and control person of the Shop Companies. Hossainy took part in deciding whom the Shop Companies hired and fired and how they paid their employees. The Shop Companies are all in the same business of operating oil change and automotive service shops. Each Shop Company operates under the Just 7 name. Hossainy runs the Shop

Companies as one business and applies the same compensation policies to all their employees. Hossainy also has an ownership interest in and control of DFW Trio, which owns real property on which Just 7 shops run by Defendants are located (see paragraph 6), and which is also part of the single enterprise described in paragraphs 23 through 25. Hossainy and the Shop Companies are joint employers of Plaintiff and all the Similarly Situated Workers.

**C. Allegations Regarding FLSA Coverage**

18. Hossainy owns and controls the companies that operate Just 7 oil change shops in the Dallas-Fort Worth area. Each of the Shop Companies is covered by and subject to the overtime requirements of the FLSA, and so is Hossainy, their owner and control person.

19. During each of the three years before this Complaint was filed, Defendants were an enterprise engaged in interstate commerce. Defendants purchased goods and materials through commerce and conducted transactions through commerce, including by credit card, telephone, electronic mail, and the Internet.

20. During each of the three years before this Complaint was filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

21. During each of the three years before this Complaint was filed, Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes).

22. During each of the three years before this Complaint was filed, Defendants' employees, including Halderman, used, sold, or handled goods, tools, equipment, or materials that

traveled in interstate commerce, including motor oil, oil filters, and automotive parts that were made or processed outside the State of Texas.

## D. Hossainy and the Companies Are a Single Enterprise

### 1. The Shop Companies Are Engaged in Related Activities, and DFW Trio Is Auxiliary to the Shop Companies

23. Hossainy, the Shop Companies, and DFW Trio together operate as a single enterprise. The Shop Companies are all in the same business of operating oil change and automotive service shops under the Just 7 name. DFW Trio supports the business of the enterprise by providing the locations on which some of the Just 7 shops operate.

### 2. The Shop Companies and DFW Trio Are under the Common Control of Hossainy

24. Hossainy is an individual who has the power to make binding decisions, and does make binding decisions, about the operation of both the Shop Companies and DFW Trio. Hossainy has the power to control, and does control, the operations of the Shop Companies, including employee compensation policies, contracts with suppliers, and contracts with vendors. The compensation policies Hossainy controls include the policy of not paying overtime to lube technicians. Hossainy also has the power to control, and does control, the terms on which the Shop Companies use the real property owned by DFW Trio.

### 3. Hossainy Operates the Shop Companies and DFW Trio for a Common Business Purpose

25. Hossainy operates the Shop Companies and DFW Trio to maximize his profits from these entities. By operating several shops under one Just 7 name, Defendants gain buying and bargaining power and an advantage over competitors in the marketplace. By not paying their employees overtime pay, Defendants gain a further advantage over those competitors. Hossainy holds centralized control and ownership of the Shop Companies and DFW Trio. He

operates the Shop Companies and DFW Trio as a common business enterprise for the benefit of himself and those companies.

**E. Hossainy Is an Employer and the Shop Companies Are Joint Employers**

**1. Power to Hire and Fire Employees**

26. Hossainy possesses and possessed the power to hire and fire employees of all of the Shop Companies. Hossainy either made those decisions himself or hired supervisory personnel to make those decisions for him. Hossainy always had the ultimate power to make decisions about the employment status of Shop Company employees.

**2. Control of Employee Conditions of Employment**

27. Hossainy had the power to control employee work schedules and conditions of employment at all the Shop Companies. Hossainy put into place the structure of the work schedules and appointed and supervised the individuals who created them. Hossainy created a system in which Shop Company employees regularly worked more than 40 hours per week and the Shop Companies did not pay them overtime pay for the hours over 40. Halderman often worked about 55 hours per week. The Shop Companies carried out these schedule and compensation policies.

**3. Rate and Method of Payment**

28. Hossainy is the individual who set the method by which the Shop Companies paid their lube technicians. Hossainy decided that the Shop Companies would pay their lube technicians a flat weekly amount. Hossainy decided that the Shop Companies would reduce that amount when a technician missed time or left work early. Hossainy decided that the Shop Companies would not pay overtime pay when a technician worked more than 40 hours in a workweek.

Hossainy put his decisions about rates and methods of payment into place through the Shop Companies.

**4. Maintenance of Employment Records**

29. Hossainy maintained employment records for Plaintiff and all the individuals employed by the Shop Companies through the Shop Companies. Hossainy required each of the Shop Companies to keep employment records, including pay records.

**F. Plaintiff's Claims and Allegations of Liability**

30. Defendants were legally required to pay Plaintiff and the Similarly Situated Workers overtime pay for all hours that these individuals worked for Defendants over 40 in any workweek.

31. Plaintiff worked over 40 hours in most workweeks that he worked for Hossainy and Just 7, Inc.

32. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendants.

33. No exemption under 29 U.S.C. § 213 applied to Plaintiff or the Similarly Situated Workers. Their work was manual labor, and Defendants reduced their weekly pay when they missed time.

34. Defendants did not pay Plaintiff or the Similarly Situated Workers time-and-one-half for any of the overtime hours that they worked for Defendants.

**G. Knowing Conduct**

35. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of not paying overtime to Plaintiff and the Similarly Situated Workers. Defendants reduced the weekly amount when a technician missed time or left work early, and they paid

nothing for the hours over 40. Defendants deliberately chose to pay a flat weekly amount and no overtime. Because of Defendants' willful violation of the FLSA, the statute of limitations in this case should be three years.

### H. Similarly Situated Persons

36. Defendants paid all the Similarly Situated Workers a flat weekly amount. Defendants generally required the Similarly Situated Workers to work more than 40 hours per week. Defendants reduced the Similarly Situated Workers' weekly pay when they missed time. Defendants did not pay the Similarly Situated Workers overtime pay for any hours that they worked over 40 in a workweek. The Similarly Situated Workers are similarly situated in terms of their potential overtime claims under the FLSA.

## II. CAUSE OF ACTION: VIOLATION OF THE FLSA, FAILURE TO PAY OVERTIME WAGES OWED

37. Defendants violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay Plaintiff and the Similarly Situated Workers overtime pay at one and one-half times their regular rates for hours worked over 40 per workweek.

38. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

39. Defendants are jointly and severally liable to Plaintiff for unpaid overtime pay, liquidated damages, attorney's fees, and costs of court under the FLSA, 29 U.S.C. § 216(b).

## III. COLLECTIVE ACTION ALLEGATIONS

40. Defendants failed to pay their employees as the FLSA requires because of a generally applicable policy of paying lube technicians a flat weekly amount and not paying them overtime. This policy does not depend on the personal circumstances of the Similarly Situated Workers, and the FLSA prohibits it. Thus, Plaintiff's experience is typical of the experiences of the Similarly Situated Workers.

41. The Similarly Situated Workers to whom notice should be sent are properly defined as:

> All individuals who worked as lube technicians, or in positions performing the same or similar duties, for Riyad Hossainy and his companies Just 7, Inc., Farabi Investment, Inc., or Ultra Pit Corp., who worked more than 40 hours in at least one workweek during the three-year period preceding the filing of this Complaint and whom Defendants did not pay overtime pay for that work.

42. The Court should order Defendants to provide contact information for all Similarly Situated Workers to Plaintiff's counsel and allow notice to be sent to all Similarly Situated Workers so that those individuals have an opportunity to proceed collectively in this matter as allowed by the FLSA.

43. Halderman files his written consent to join this action with this Complaint.

## IV. DEFENDANTS, JURISDICTION, AND VENUE

44. Defendant Riyad Hossainy is an individual who is an owner and control person of all the Shop Companies. He is a joint employer with the Shop Companies. He is an "employer" of Plaintiff and the Similarly Situated Workers as defined by the FLSA, 29 U.S.C. § 203(d). Hossainy resides in Plano, Collin County, Texas. He may be served at 5204 Village Creek Drive, Suite 201, Plano, Texas 75093, or wherever he may be found.

45. Defendant Just 7, Inc. is a Texas corporation, Texas Secretary of State file number 803441215. It may be served with process through its registered agent, Riyad Hossainy, at 5204 Village Creek Drive, Suite 201, Plano, Texas 75093, or wherever he may be found.

46. Defendant Farabi Investment, Inc. is a Texas corporation, Texas Secretary of State file number 161436600. It may be served with process through its registered agent, Riyad Hossainy, at 6210 Marvin D. Love Freeway, Dallas, Texas 75237, or wherever he may be found.

47. Defendant Ultra Pit Corp. is a Texas corporation, Texas Secretary of State file number 803721768, with its registered office in Plano, Collin County, Texas. It may be served with

process through its registered agent, Mohamad Hamza Shallah, at 5204 Village Creek Drive, Suite 201, Plano, Texas 75093, or wherever he may be found.

48. Plaintiff Ralph Halderman, Jr. is an individual who resides in McLennan County, Texas.

49. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) because Hossainy resides in Plano, Collin County, Texas, which is in the Sherman Division of the Eastern District of Texas, and all Defendants are residents of Texas.

**WHEREFORE**, Plaintiff and all employees similarly situated who join in this action demand:

a. Issuance of notice as soon as possible to all Similarly Situated Workers employed by any Defendant during the three-year period immediately preceding the filing of this Complaint. This notice should inform them that Plaintiff has filed this action. The notice should also describe the nature of the action. The notice should explain their right to opt into this lawsuit to proceed collectively if Defendants did not pay them correctly for work performed or hours worked during any portion of the statutory period;

b. Judgment against Defendants, jointly and severally, for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;

c. An equal amount to the overtime wage damages as liquidated damages;

d. Judgment against Defendants that their violations of the FLSA were willful;

e. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

f. All costs and attorney's fees incurred prosecuting these claims;

g. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

h. Leave to amend to add claims under applicable state laws; and

i. Such further relief as the Court deems just and equitable.

Respectfully Submitted,

WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
Tel: (512) 799-2048

By: _/s/ Douglas B. Welmaker_
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com
Attorney-in-Charge

**ATTORNEY FOR PLAINTIFF**

THE BUENKER LAW FIRM
P.O. Box 10099
Houston, Texas 77206
Tel: (713) 868-3388
Fax: (713) 683-9940

_/s/ Josef F. Buenker_
Josef F. Buenker
Texas State Bar No. 03316860
jbuenker@buenkerlaw.com

**OF COUNSEL FOR PLAINTIFF**